

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Office of Federal Operations**
**P.O. Box 77960**
**Washington, DC 20013**


John S. Morter, a/k/a,
Ward B.,[1]
Complainant,

v.

Lloyd J. Austin III,
Secretary,
Department of the Defense,
(Defense Intelligence Agency),
Agency.

Request No.  2022003429

Appeal No.  2020005490

Hearing No.  510-2020-00021X

Agency No. DIA201400052


<u>DECISION ON REQUEST FOR RECONSIDERATION</u>

Complainant timely requested that the Equal Employment Opportunity Commission (EEOC or Commission) reconsider its decision in EEOC Appeal No. 2020005490 (May 9, 2022). EEOC regulations provide that the Commission may, in its discretion, grant a request to reconsider any previous Commission decision issued pursuant to 29 C.F.R. § 1614.405(a), where the requesting party demonstrates that: (1) the appellate decision involved a clearly erroneous interpretation of material fact or law; or (2) the appellate decision will have a substantial impact on the policies, practices, or operations of the agency.  <u>See</u> 29 C.F.R. § 1614.405(c).

During the relevant time, Complainant worked for the Agency as an Intelligence Analyst in Tampa, Florida.

---

[1] This case has been randomly assigned a pseudonym which will replace Complainant's name when the decision is published to non-parties and the Commission's website.

On July 23, 2014, Complainant filed a formal complaint, claiming unlawful employment discrimination based on disability when he was informed that: (1) his Top-Secret security clearance and access to classified networks was revoked; (2) he was informed that his service would not be retained at the Agency's U.S. Special Operations Command because of his inability to successfully complete Polygraph Credibility Assessment examinations; and (3) he received notice of reassignment to the Agency Headquarters in Washington, D.C.

The Agency thereafter informed Complainant that claims 2 and 3 were accepted for investigation, but that claim 1 was dismissed for failure to state a claim and for untimely EEO Counselor contact.

Following an investigation, Complainant requested a hearing before an EEOC Administrative Judge (AJ).  On June 26, 2020, the assigned AJ issued a summary judgment decision in favor of the Agency, finding no discrimination was established.  Thereafter, the Agency issued a final order implementing the AJ's summary judgment decision.  Complainant appealed.

In EEOC Appeal No. 2020005490, the Commission affirmed the Agency's final order, which had implemented the AJ's summary judgment decision finding no discrimination.

In the instant request, Complainant provides arguments which either were raised, or could have been raised, below. A request for reconsideration is not a second appeal to the Commission. Equal Employment Opportunity Management Directive for 29 C.F.R. Part 1614 (EEO MD-110), Chap. 9 § VI.A (Aug. 5, 2015); see, e.g., Lopez v. Dep't of Agric., EEOC Request No. 0520070736 (Aug. 20, 2007). Rather, a reconsideration request is an opportunity to demonstrate that the appellate decision involved a clearly erroneous interpretation of material fact or law, or will have a substantial impact on the policies, practices, or operations of the Agency. Complainant has not done so here.

After reviewing the previous decision and the entire record, the Commission finds that the request fails to meet the criteria of 29 C.F.R. § 1614.405(c), and it is the decision of the Commission to deny the request.  The decision in EEOC Appeal No. 2020005490 remains the Commission's decision.  **There is no further right of administrative appeal on the decision of the Commission on this request.**

<u>COMPLAINANT'S RIGHT TO FILE A CIVIL ACTION</u> (P0610)

This decision of the Commission is final, and there is no further right of administrative appeal from the Commission's decision.  You have the right to file a civil action in an appropriate United States District Court **within ninety (90) calendar days** from the date that you receive this decision.  If you file a civil action, you must name as the defendant in the complaint the person who is the official Agency head or department head, identifying that person by his or her full name and official title.  Failure to do so may result in the dismissal of your case in court. "Agency" or "department" means the national organization, and not the local office, facility or department in which you work.

3                                                    2022003429

## RIGHT TO REQUEST COUNSEL (Z0815)

If you want to file a civil action but cannot pay the fees, costs, or security to do so, you may request permission from the court to proceed with the civil action without paying these fees or costs. Similarly, if you cannot afford an attorney to represent you in the civil action, you may request the court to appoint an attorney for you. **You must submit the requests for waiver of court costs or appointment of an attorney directly to the court, not the Commission.** The court has the sole discretion to grant or deny these types of requests. Such requests do not alter the time limits for filing a civil action (please read the paragraph titled Complainant's Right to File a Civil Action for the specific time limits).

FOR THE COMMISSION:


Carlton M. Hadden, Director
Office of Federal Operations


November 7, 2022
Date