U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
Miami District Office

In the matter of
-----------------------------------------------------------------x

| | |
|---|---|
| John S. Morter, | EEOC No. 510-2015-00236X |
| Complainant, | Agency No. DIA-2014-00052 |
| v. | |
| Ash Carter, Secretary,<br>Department of Defense, | |
| | AJ: William Rodriguez |
| Agency. | Date: November 13th, 2015 |

-----------------------------------------------------------------x

## COMPLAINANT'S RESPONSE TO AGENCY'S DISCOVERY REQUEST

The following is provided in response to the Agency's request dated October 14, 2015:

SECTION I: ADMISSIONS

1. Complainant admits that being subjected to periodic polygraph creditability assessments (PCA), which includes the use of the polygraph as a supplement to the program, is a condition of employment for all positions at DIA, except under special circumstances.

2. Complainant admits that being subjected to periodic PCA was a requirement for the position he held, except under special circumstances.

3. Complainant admits to being subjected to the PCA on five occasions (March 23rd and March 25th, 2011, January 31st, 2012, June 26th, 2012 and August 5th, 2014.)  Each time, Complainant was informed for various reasons that the results were not adjudicated complete.

4. Complainant admits that some of the reasons given by Agency officials to categorize his results as unsuccessful; were based on the readings of measurements of his physiological responses, when asked under duress, about mishandling of classified information and unauthorized contacts.

5. Complainant admits that he has done general research on the subject of polygraphy.

6. Complainant admits that on February 6th, 2014, DIA informed him that they made a favorable security clearance determination based on Complainant's decision to seek mental health care and comply with treatment recommendations (ROI pgs. 000035-36.)

SECTION II: INTERROGATORIES

1. Complainant submits that there are far too many people to identify at USSOCOM that knew, or who were aware of Complainant's medical condition. Doing so would prove redundant and would take an unnecessary amount of time to compile such a list. In addition to the "Notice to Appeal" letter that Complainant made public on June 4th, 2014 (ROI Pgs. 000041-43), the individuals who were undoubtedly aware of Complainant's medical condition and are most relevant to this matter are:

   a. Timothy Grimes – Complainant's immediate supervisor
   b. Mark Anderson – Complainant's supervisor's supervisor
   c. William Lanham – HQ USSOCOM, Chief, J2X CI HUMINT and Insider Threat Working Group Leader
   d. COL Shawn Nilius, HQ USSOCOM, Director, JICSOC
   e. Frank Branch – HQ USSOCOM, Chief Special Security Officer
   f. SA Koeningsbauer, HQ DIA Special Office of Investigations
   g. Dr. Kok Soo-Thoo – HQ DIA Psychologist
   h. Karen McCord, HQ DIA, Chief, Central Adjudication Faciility
   i. Steven McIntosh, HQ DIA, Insider Threat Program Coordinator
   j. Steven Norton, HQ DIA, Director of Security

2. From October 2013 to August 2014, Complainant made numerous appeals, complaints and attempts to educate officials regarding and requesting reasonable accommodations for his disabilities. Complainant initially directed Timothy Grimes

2

**AGENCY EXHIBIT A 2**

and Frank Branch to share specific medical documentation with their superiors and HQ DIA, Office of Security in November 2013 (ROI Pgs. 000013-000015).

3. The Report of Investigation, dated July 23rd, 2014 is a 373 page comprehensive account of the case. Complainant submits that Scott Bixler and Jill Ann Carroll have also provided written statements regarding some of the facts of his claim. These letters are attached to this response.

4. In October, 2014 Complainant acknowledges paying $150 to Nicholas E. Karatinos, ESQ. This short consultation was to inquire about potential representation, which was not accepted. The Complainant adds that he has not determined yet who will testify at a potential hearing and therefore this request is premature. If there should be a hearing in the future regarding this complaint, Complainant may include the following witnesses to testify on his behalf:

   a. Michael Rothburd, PhD., 2819 Horatio St., Tampa, FL 33609
   b. Arthur, Gary K. M.D., 722 West MLK, Jr. Blvd., Tampa, FL 33603
   c. Carroll, Jill Ann, 7312 S. Saint Patrick St., Tampa, FL 33616

5. The Agency is already in receipt of these records as they were attached to Complainant's settlement demands as presented in the SETTLEMENT CONFERENCE on October 20th, 2015.

6. The Agency is already in receipt of these records as they were attached to Complainant's settlement demands as presented in the SETTLEMENT CONFERENCE on October 20th, 2015.

7. Since there is no hearing of this matter currently scheduled, it is impossible for the Complainant to accurately determine which witnesses may be called, or what they would be expected to testify. As stated above, the Complainant has not determined yet who will testify and therefore this request is again premature. If there should be a hearing in the future regarding this complaint, Complainant may include the following witnesses to testify on his behalf:

   a. Michael Rothburd, PhD., 2819 Horatio St., Tampa, FL 33609
   b. Arthur, Gary K. M.D., 722 West MLK, Jr. Blvd., Tampa, FL 33603
   c. Carroll, Jill Ann, 7312 S. Saint Patrick St., Tampa, FL 33616

SECTION III: PRODUCTION OF DOCUMENTS

1. Other than freely available information obtained from the internet, Complainant submits that there are no documents provided to or produced by any expert hired or consulted by him or on his behalf in relationship to this case. The Complainant reserves the right however, to acquire representation permissible by law.

2. Not applicable.

3. Not applicable.

4. Since there is no hearing of this matter currently scheduled, it is impossible for the Complainant to accurately determine which exhibit may or may not be introduced at a yet unidentified hearing. There are an ample amount of testimonies, interrogatories and exhibits already available in the Report of Investigation to prove undisputed material facts to support Complainant's claim. Additional documents, emails, timelines of events and personal notes are provided as attachments to this response.

5. The Agency is already in receipt of these records as they were attached to Complainant's settlement demands as presented in the SETTLEMENT CONFERENCE on October 20th, 2015.

6. The Agency is already in receipt of these records as they were attached to Complainant's settlement demands as presented in the SETTLEMENT CONFERENCE on October 20th, 2015.

7. The Agency is already in receipt of these records as they were attached to Complainant's settlement demands as presented in the SETTLEMENT CONFERENCE on October 20th, 2015.

8. This request is overbroad, over-reaching and overly burdensome; nonetheless Complainant attaches copies of all available non-privileged records outside the Memoranda for the record and rebuttal affidavits, which are available in the ROI and accurately state Complainant's contemporaneous circumstance. Fortuitously for the Agency, email correspondence and instant messages backups contain comprehensive information about the incident is available on the HQ USSOCOM and HQ DIA servers up until the date Complainant was transferred to HQ DIA - Complainant no longer has access to these. Several communication strings between Complainant and Agency officials were copied and/or forwarded to Complainant's personal email address and are attached to this request. Also, emails to and from the Complainant's Senator and Congressman's office, records obtained under the Freedom of

Information Act and evidence of Complainant's attempts at resolution through the use of Inspector General complaints are also provided.

Respectfully submitted,

*[signature: John Morter]*

John "Sam" Morter, MSgt, USAF Retired
6815 Quail Hollow Blvd.
Wesley Chapel, FL 3354

File Attachments:

Congressional Inquiries & Senator emails.zip
DODIG FOIA Request.zip
DutyStautsReports.zip
Email.zip
Medical Expenses.zip
Medical Reports.zip
Miscellaneous Probative Evidence.zip
Personal references.zip
Relevant Regulations.zip
Unfavorable actions letters.zip

5

**AGENCY EXHIBIT A 5**

6

## **CERTIFICATE OF SERVICE**

      I certify that a copy of the foregoing Settlement Proposal was served by email on November 13th, 2015 upon the following:

William Di Iorio, Esq.
*via* electronic mail only at: William.diiorio@dodiis.mil

*/s/ John Morter*

John "Sam" Morter, MSgt, USAF Retired
6815 Quail Hollow Blvd.
Wesley Chapel, FL 3354

6

**AGENCY EXHIBIT A 6**