

# DEFENSE INTELLIGENCE AGENCY

WASHINGTON, DC 20301-7400

U-0013-15/EO1

10 November 2014

Mr. John Morter
6815 Quail Hollow Blvd
Wesley Chapel, FL 33544

Re: Notice of Partial Acceptance in the Discrimination Complaint of John Morter vs. Chuck Hagel, Secretary, Department of Defense, Agency No. DIA-2014-00052

Dear Mr. Morter,

Your formal complaint of discrimination, filed on 23 July 2014 (delivered via email), referenced above, has been assigned agency case number DIA-2014-00052. Please include this case number on all future correspondence or other documents regarding this complaint.

A review of your formal complaint (**enclosure 1**), EEO counselor's report (**enclosure 2**), the Agency's clarification request and your response to the request for clarification (**enclosure 3**) indicates that that you are alleging discrimination on the basis of mental disability (anxiety disorder) when the following incidents occurred:

1. On 08 October 2013, United States Special Operations Command (USSOCOM) leadership ((specifically, COL Shawn Nilius, Director, Joint Intelligence Center Special Operations Command (JICSOC), Mr. Mark Anderson, Deputy JICSOC, Mr. Frank Branch, Special Security Officer (SSO), and Mr. William Lanham, Chief J2X)) informed you that your Top Secret security clearance and access to classified computer networks (DODIIS and SIPRnet) were being revoked due to your inability to successfully complete several Polygraph Creditability Assessment (PCA) examinations.

2. On 12 May 2014, you were informed by COL Shawn Nilius, Director, that USSOCOM had decided not to retain your services due to your inability to successfully complete the Polygraph Creditability Assessment (PCA) examinations.

3. On 27 May 2014, you received notice of a reassignment action, which requires you to move to the National Capital Region from Tampa, Florida. This notification came from Mr. Steven McIntosh, DIA Insider Threat Program Coordinator, and was a result of USSOCOM's decision not to retain your employment.

Exhibit C

## *Accepted Claims*

Upon review of the complaint and in accordance with Equal Employment Opportunity Commission (EEOC) regulations at 29 Code of Federal Regulations (CFR) Part 1614, **claims 2 and 3** are accepted for investigation. If you believe the claims have not been correctly identified, please provide written clarification, within five (5) calendar days after your receipt of this letter, specifying why you believe the claims have not been correctly identified.

The Agency will hereby request an investigation of the accepted allegations stated above. Once an investigator has been assigned and before the investigation begins, you will be notified of the investigator's name, any additional information required from you, and the date of the investigation. You have the responsibility to cooperate with the investigator by timely scheduling an appointment, meeting with the investigator and providing necessary verbal and/or written statements. Failure to do so may result in the dismissal of your complaint for failure to cooperate. When the investigation is concluded, the investigative file will be forwarded to the Defense Intelligence Agency, Equal Opportunity and Diversity Office (EO), who, in turn, will forward a copy to you along with a copy of your rights and responsibilities regarding the further processing of your complaint.

The report of investigation may contain information protected from further disclosure by the Privacy Act. If you have not received the report of investigation within 180 days of the date you filed this complaint, you have the right to proceed and request a hearing by the EEOC. The request must be sent directly to the **EEOC Hearings Unit, Tampa Field Office, 501 East Polk Street, Suite 1000, Tampa, FL 33602**, with a copy to this office. After 180 days, you have the right to file a civil action in the appropriate U.S. District Court. In the absence of notification that you exercised such rights, DIA's processing of the complaint will continue.

You are reminded that it is your responsibility to keep EO informed of your current mailing address, email address and telephone number, to be used to contact you during the complaint process. You must also notify EO in writing if you retain a representative. This notification must include your representative's mailing address, telephone number, email address, and fax number if available.

You may withdraw your complaint or any issue in your complaint at any time during the process by notifying EO in writing or by returning the withdrawal form **(enclosure 4)**. Correspondence may be sent to the EO office at the following address:

> Defense Intelligence Agency
> 7400 Pentagon
> ATTN: EO, Ms. Sharon Taylor
> Washington, DC 20301-7400

### *Dismissed Claim*

#### *Timeliness – Untimely Discrete Act*

**Claim 1** is dismissed under 29 CFR § 1614.107(a)(2), for failing to comply with applicable time limits contained in 29 CFR § 1614.105. EEOC regulation 1614.105(a)(1) requires that complaints of discrimination be brought to the attention of an EEO counselor within forty-five (45) calendar days of the alleged discriminatory action.

The regulation provides that the 45-day deadline may be waived or tolled, or the agency may be estopped from asserting the 45-day deadline against Complainant, if facts justifying such waiver, tolling or estoppel are presented to the EO Office, 29 CFR § 1614.105(a)(2) and 1614.604(c). The Commission has adopted a "reasonable suspicion" standard (as opposed to a "supportive facts" standard) to determine when the 45-day limitation period is triggered. See Howard v Department of the Navy, EEOC Request No. 05970852 (February 11, 1999); Beasley v. Secretary, Department of Homeland Security, EEOC Request No. 01A60661 (March 24, 2006). Thus, the time limitation period is triggered by a complaint's reasonable suspicion of discrimination and untimeliness may not be excused if the complainant waits until he has "supporting facts" or "proof" of discrimination before seeking EEO counseling.

The incident alleged in **claim 1** occurred on 08 October 2013, when USSOCOM leadership informed you that your Top Secret security clearance and access to DODIIS and SIPRnet were being revoked due to your inability to successful complete several PCA examinations. You made contact with an EEO Counselor on 13 June 2014, approximately 248 calendar days from the date you were informed of your Top Secret security clearance and access being revoked. You have an affirmative duty to pursue claims of discrimination, in which you failed to assert or show due diligence in your pursuit. See Decker v. United States Postal Service, EEOC Appeal No. 01A45028 (November 18, 2004). Again, your initial contact was more than forty-five (45) days delayed, to which you did not provide a persuasive justification for your delay.

According to DIA training records, you participated in DIA's Equal Opportunity (EO) Briefing (Workforce) on 30 January 2012 (**enclosure 5**). EO training material states that civilians have "45 calendar days to contact an EO Official" (**enclosure 6**). To that end, you were made aware of the 45-day deadline to make with the EO Office, concerning alleged discriminatory actions, from the EO training requirements that you participated on 30 January 2012.

As such, **claim 1** was not brought to the attention of the EEO counselor within the applicable time limits (45 calendar days) and is being considered an untimely discrete act; therefore, it is hereby dismissed in accordance with 29 CFR § 1614.107(a)(2).

#### *Collateral Attack*

Your **claim 1** asserts an issue having to do with a clearance investigation and a potential clearance revocation. This claim seeks a review or reversal of counterintelligence investigations,

clearance revocations, clearance investigations, or other personnel actions that have as their basis the President's authority to protect national security information through relevant Executive Orders and implementing regulations. Investigation of **claim 1** of your complaint would require the questioning, production of documents, and investigation of counterintelligence investigations and/or clearance or access decisions EO complaints alleging discrimination in the investigation, granting or withholding of security clearances or access to classified information must be dismissed under 29 CFR 1614.107(a)(1) for failure to state a claim. See Navy v. Egan, 484 U.S. 518 (1988).

In Department of the Navy v. Egan, 484 U.S. 518, 529 (1988), the Supreme Court held that "it is not reasonably possible for an outside, nonexpert body," such as the Equal Employment Opportunity Commission, to "review the substance of" counterintelligence and security clearance investigations. The Supreme Court concluded that "the protection of classified information must be committed to the broad discretion of the agency responsible," in this case, the Defense Intelligence Agency.

As your complaint directly challenges the means, methods, and judgments of the Agency's Security and Counterintelligence Office in an ongoing national security matter, **claim 1**, identified above, is also dismissed under 29 CFR § 1614.204(d)(2) and 1614.107(a)(1).

There is no immediate right to appeal a partial dismissal of a complaint. However, this determination is reviewable by an administrative judge if you request a hearing on the accepted part of your complaint, but cannot be appealed until the final action is taken on the remainder of the complaint. After final action is taken, you will have the right to request a hearing before an EEOC administrative judge who will review the dismissed claims and evaluate the Agency's reason(s) for believing that a portion of your complaint met the standards for dismissal before holding the hearing.

Status inquiries regarding your complaint should be directed to Ms. Paris Nash, Complaints Program Manager, at (202) 231-0318 /8178 or Paris.Nash@dodiis.mil.

Sincerely,

Sharon Taylor
Chief, Complaints Management Division
Equal Opportunity & Diversity Office (EO)

Enclosure a/s

cc: GC (Robert Schapler)
    Read File
    Case File