**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

JOHN S. MORTER,

     Plaintiff,

        v.                                          Civil Action No. 23-343 (JEB)

LLOYD J. AUSTIN, III,

     Defendant.

## ORDER

Defendant has moved to dismiss this case under Federal Rule of Civil Procedure 12(b)(6)

or for summary judgment under Federal Rule of Civil Procedure 56.  See ECF No. 5 (Mot. to

Dismiss or, in the Alternative, for Summ. J.).  Because this Motion could potentially dispose of

this case, the Court will advise *pro se* Plaintiff of her obligations under the Federal Rules of Civil

Procedure and the rules of this Court.  See Fox v. Strickland, 837 F.2d 507 (D.C. Cir. 1988);

Neal v. Kelly, 963 F.2d 453, 456 (D.C. Cir. 1992).

Concerning the motion to dismiss:

> (d) Result of Presenting Matters Outside the Pleadings.  If, on a motion under Rule 12(b)(6) . . . , matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56.  All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion.

Fed. R. Civ. P. 12(d).

Concerning the motion for summary judgment:

> (c) Procedures.
>     (1) Supporting Factual Positions.  A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:

(A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or

(B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

(2) Objection That a Fact Is Not Supported by Admissible Evidence.  A party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence.

(3) Materials Not Cited.  The court need consider only the cited materials, but it may consider other materials in the record.

(4) Affidavits or Declarations.  An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated.

. . . .

(e) Failing to Properly Support or Address a Fact.  If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may:

(1) give an opportunity to properly support or address the fact;

(2) consider the fact undisputed for purposes of the motion;

(3) grant summary judgment if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it; or

(4) issue any other appropriate order.

Fed. R. Civ. P. 56(c), (e).  In other words, the Court will accept as true any factual assertions contained in affidavits or attachments submitted by Defendant in support of a motion for summary judgment unless Plaintiff submits affidavits or documentary evidence showing that Defendant's assertions are untrue.  Further, a party adverse to a motion for summary judgment must rebut the moving party's affidavits with other affidavits or documentary evidence.  Simple allegations that the moving party's affidavits are inaccurate or incorrect are not sufficient.  For these purposes, a verified complaint may serve as an affidavit.  See Neal, 963 F.2d at 457–58.

Concerning all dispositive motions, Local Civil Rule 7 governs the time within which an opposition to a dispositive motion must be filed, as well as the consequences of failure to file any opposition:

> Within . . . such . . . time as the court may direct, an opposing party shall serve and file a memorandum of points and authorities in opposition to the motion.  If such a memorandum is not filed within the prescribed time, the court may treat the motion as conceded.

LCvR 7(b).  In other words, the Court may choose to treat as conceded any motion not opposed within the time limits put in place by the Court.  Therefore, failure to respond to Defendant's Motion in this case carries with it the risk that the Motion will be granted as conceded.

Accordingly, the Court **ORDERS** that Plaintiff shall file her opposition or other response to the Motion to Dismiss or for Summary Judgment by October 23, 2023.


/s/ *James E. Boasberg*
JAMES E. BOASBERG
United States District Judge

Date:  September 25, 2023