UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOHN S. MORTER,<br><br>      Plaintiff,<br><br>v.<br><br>LLOYD AUSTIN,<br>Secretary of Defense,<br><br>      Defendant. | Civil Action No. 23-0343 (JEB) |

**PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND OPPOSITION TO DEFENDANT'S MOTION TO DISMISS, OR IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT**

In compliance with the September 25, 2023, order, I, Plaintiff, John S. Morter, *Pro Se*, submit this Opposition to Defendant's Motion to Dismiss, or in the Alternative, for Summary Judgement.

Under Federal Rule of Civil Procedure ("Rule") 8(a)(2), a pleading that states a claim for relief must contain: (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction, and the claim needs no new jurisdictional support; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief. I hereby acknowledge that the Americans with Disabilities Act (ADA) does not apply to the federal government. Therefore, this action is brought for discrimination in employment pursuant to The Rehabilitation Act of 1973 (Public Law 93-112), as amended. I believe that my initial claim, filed on February 3, satisfies the remaining requirements under the law, and should not be dismissed.

Also, I hereby oppose the Defendant's motion for summary judgment pursuant to Rule 56, and I will respond to that motion with indisputable material facts that prove my allegations, refute their claims, and provide several pieces of circumstantial evidence that infer pretext. Firstly, a decision without a hearing should not be issued when there are genuine issues of material fact. See 29 C.F.R. § 1614.109(g); Fed. R.

Civ. P. 56; *Anderson v. Liberty Lobby, Inc.*, 477 U.S. An issue of fact is "genuine" if the evidence is such that a reasonable fact finder could find in favor of the non-moving party. *Celotex v. Catrett*, 477 U.S. *Oliver v. Digital Equip. Corp.*, 846 F.2d 103, 105 (1st Cir. 1988). A fact is "material" if it has the potential to affect the outcome of the case. If a case can only be resolved by weighing conflicting evidence, issuing a decision without holding a hearing is not appropriate. In this case, I will show that there are many issues of material fact that need to be resolved. This court should dismiss Defendants claims, and if summary judgment is appropriate in this case, it is in favor of the Plaintiff. A proposed order is attached.

Date: October 22, 2023

Respectfully submitted,

John S. Morter, MSgt, USAF Retired
Plaintiff