Mr. Bixler provided that he has known and worked with CP off and on since 1992, yet steadily since October 2002. Mr. Bixler stated that a duty that he and CP share is an imagery-derived process called SOFViz, in which CP served as the lead in the process.

Mr. Bixler added that at some point during the last eight (8) to nine (9) months CP was diagnosed with an anxiety disorder, which was brought to the attention of his superiors. Mr. Bixler stated that he speaks with CP almost every day, as his friend and co-worker.

Additionally, Mr. Bixler provided that the standard by which data is moved has changed a lot over the last five (5) to six (6) years. Mr. Bixler provided that he believed the J-6 Directorate at SOCOM gave the approval to move data, via removable devices. Mr. Bixler indicated that in late 2009 or early 2010, the guidance provided by SOCOM J-6 was halted and employees' were directed not to move data from the JWICS to the SIPRnet. However, a new procedure has since been implemented.

Mr. Bixler stated that there is a policy for the moving of data from JWICS to SIPRnet, which is documented for certified Internal Threat Administrator's (ITA). Mr. Bixler provided that he is not ITA certified, but was made aware that the ITA's were required to log the transfers that they completed into the directorate logging system. Mr. Bixler added that there are training requirements for moving data, in which the employee's name must be submitted by an O-6 or equivalent. According to Mr. Bixler, once an employee is approved for training, the employee is to obtain a passing training score. As a result, the employee is notified by the J-6 Directorate of his/her ability to move data between systems.

**B. Documents Reviewed but Not Attached:**

N/A

**C. Documents Attached:**

1. Equal Employment Opportunity Complaint – John S. Morter (statement), 17 June 2014
2. Advisory Letter Concerning Continued Access to Sensitive Compartmented Information, 06 February 2014
3. Reassignment Action, 21 May 2014
4. Letter of Counseling, 27 May 2014
5. Notice to Appeal, 4 June 2014
6. Receipt of Notice to Appeal, 17 June 2014
7. Memo for Record: Trip Report – DIA/SSO Questioning (statement by CP)
8. Memo for Record: My concerns with question – 'have you ever intentionally mishandled classified information?'
9. Memo for Record: Supervisor Comments concerning Mr. John "Sam" Morter, 20 February 2014
10. CP's FY 2012 Performance Evaluation
11. CP's FY 2013 Performance Evaluation
12. Notice of Rights and Responsibilities

**Part G-Summary of Informal Resolution Attempts:**

Informal resolution attempts were discussed with the appropriate management officials with authority to resolve. However, the final decision not to retain CP's employment at SOCOM was finalized by SOCOM Deputy Director, which is not appealable by DIA officials.

**Part H-If Complainant Opted For ADR, Counselor's Statement That The ADR Process Was Fully Explained To The Complainant / Summary Of The Information Given To The Complainant And The Agency By The Counselor:**

On 18 June 2014, CP was issued and explained his rights and responsibilities of the EEO complaints process. The EO Intake Counselor, Ms. Juanese Kennedy, properly explained the ADR process, as outline in the rights and responsibilities notice, in which CP accepted to participate in the ADR process. However, on 18 June 2014, CP was notified (verbally) that ADR was inappropriate with regards to the concerns he brought forth. Therefore, CP's concerns were redirected to traditional informal counseling for processing.

*[signature]*       11-10-14
Signature of EEO Counselor      Date

# COUNSELOR'S REPORT ATTACHMENT 1

# COUNSELOR'S REPORT ATTACHMENT 1